IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MAGGIE M. WALDEN,<br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner<br>of Social Security,<br>Defendant. | )<br>)<br>)<br>)<br>) Case No. 25-cv-3046<br>)<br>)<br>)<br>)<br>) |

OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

This is an action brought under 42 U.S.C. § 405(g) for judicial review of the final administrative decision of the Acting Commissioner of the Social Security Administration[1] (the "Commissioner"). On April 11, 2022, Plaintiff Maggie M. Walden applied for supplemental security income ("SSI"), alleging disability beginning January 1, 2022. The Commissioner adopted the decision made by the Administrative Law Judge (the "ALJ"), who denied the application, finding Plaintiff has not been under a "disability" within the meaning of Section 1614(a)(3)(A) of the Social Security Act.[2] Because the ALJ's decision is supported by substantial evidence and Plaintiff has identified no reversible error, the Court affirms the decision.

---

[1] Frank Bisignano became the Commissioner of the Social Security Administration in May of 2025. As a result, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is automatically substituted for his predecessor Leland Dudek as the defendant in this lawsuit.
[2] Social Security Act, 42 U.S.C. §§ 301 *et seq.*

I.  **DISCUSSION**

   **A. Legal Standard**

This Court must determine whether there is "substantial evidence" to support the ALJ's decision that Plaintiff has not been under a "disability" since the date of her SSI application. *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024). The threshold for substantial evidence "is not high." *Id.* (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019)). "It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). The ALJ's decision need not discuss every piece of evidence but must at least "provide a logical bridge from the evidence to his conclusion" to allow the court to meaningfully review his findings. *Id.* at 1053–54 (internal quotation marks omitted); *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000). "A decision that lacks adequate discussion of the issues will be remanded." *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014); *see also* 42 U.S.C. § 405(g).

   **B. Disability Determination**

A claimant for benefits is "disabled" within the meaning of Section 1614(a)(3)(A) of the Social Security Act if she "is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Social Security Administration (the "SSA") established a five-step sequential evaluation process for determining whether an applicant for benefits is disabled. *See* 20 C.F.R. § 416.920(a). The

ALJ determined Plaintiff was not disabled because she could perform work that exists in significant numbers in the national economy, based on her Residual Functional Capacity ("RFC"),[3] age, education, and work experience. *Id.* §§ 416.920(g), 416.960(c).

Plaintiff argues the ALJ and Commissioner failed to 1) reconcile material inconsistencies concerning Plaintiff's mental health limitations in calculating her RFC; 2) evaluate Plaintiff's drug and alcohol abuse; and 3) consider the function reports completed by Plaintiff and her husband.

Plaintiff's first argument concerns consulting psychologist Dr. Stephen G. Vincent's examination of her, which the ALJ found persuasive. (Tr. 27, 30). Specifically, she argues the ALJ failed to provide adequate discussion of Dr. Vincent's examination of Plaintiff's mathematical and cognitive deficiencies because the ALJ did not resolve material inconsistencies within Dr. Vincent's report and the ALJ's own explanation was inconsistent. As a result, Plaintiff contends the ALJ omitted any related limitation in Plaintiff's RFC.

In his report, Dr. Vincent found "[Plaintiff] was able to remember 5 numbers forward and 5 numbers backwards. . . . She was able to count by threes from 3 to 21 slowly but accurately, but she was unable to do serial sevens. 7 + 5 was given as '12' and 11 − 4 was given as '7.' She was unable to do any simple multiplication or division or any monetary calculations." (Tr. 417–18). The ALJ summarized these findings as follows:

---

[3] A claimant's RFC represents the most she can perform in a work setting despite her limitations. 20 C.F.R. § 416.945(a)(1). The ALJ calculates RFC as part of the sequential evaluation process based on all relevant medical and other evidence. *Id.* § 416.945(a). Here, the ALJ determined Plaintiff has the RFC to perform "light work," as defined in 20 C.F.R. § 416.967(b), with added limitations based on the record. (Tr. 21).

"[S]he was able to remember five numbers forward and five backwards and had a good fund of information. She was able to count by three's but unable to perform serial sevens. She was unable to perform any simple calculations."[4] (Tr. 23). The ALJ relied on Dr. Vincent's conclusion that, overall, "[c]ognitively, although somewhat slow and deliberate and easily distracted, [Plaintiff] was able to respond to all test demands without significant difficulties during the examination. . . . [S]he was logical, coherent and relevant throughout the examination." (Tr. 26, 418).

The Court finds the ALJ adequately discussed Plaintiff's mathematical and cognitive ability. While the ALJ did not include a full recitation of Dr. Vincent's report within his discussion, he summarized Dr. Vincent's findings and found them "persuasive as they are consistent with and supported by the medical evidence and findings of the claimant's treatment providers." (Tr. 26). An ALJ's "partial summary of select evidence" is appropriate. *Gedatus v. Saul*, 994 F.3d 893, 901 (7th Cir. 2021).

Plaintiff argues the ALJ's discussion is materially inconsistent, citing as authority *Peterson v. Chater*, 96 F.3d 1015, 1016 (7th Cir. 1996), but that case concerned two irreconcilable findings made by the ALJ that the claimant 1) "[was] not capable of prolonged sitting, standing, and walking," but 2) *was* "capable of doing sedentary or light work" which the SSA had determined *requires* prolonged sitting, standing, and walking.

---

[4] Plaintiff mischaracterizes Dr. Vincent's report by quoting the ALJ's statement made in summary—albeit misleading—that Plaintiff "was unable to perform any simple calculations." (Doc. 13; Tr. 23). As said, the report states that Plaintiff "was unable to do any simple *multiplication or division or any monetary calculations.*" (Tr. 418 (emphasis added)). It's clear that the ALJ meant the latter in his discussion, as the ALJ also summarized Plaintiff having performed simple calculations such as being "able to count by three's." (Tr. 23).

*Id.* (citing Social Security Ruling 83-12). In contrast, the inconsistency here, according to Plaintiff, is the ALJ's omission of any accommodation in the RFC for her "significant" mathematical deficiencies despite, in part, Plaintiff's inability to perform serial sevens. However, Plaintiff omits any meaningful consideration of the findings made by Dr. Vincent—as summarized by the ALJ—that she was able to perform other mathematical calculations and encountered no significant difficulty with responding to test demands. In addition, two state-agency psychologists reviewed Dr. Vincent's report and neither determined Plaintiff required more limitations concerning her mathematical or cognitive abilities than what was accounted for by the ALJ.[5] (Tr. 127, 133–34, 138–39, 144–45). Plaintiff does not dispute this. Her first argument is therefore unavailing.

Plaintiff next argues that the ALJ erred by failing to adequately discuss evidence of Plaintiff's drug and alcohol abuse as a factor relevant to the disability determination. She relies on 20 C.F.R. § 416.935, which provides in part, "*If we find that you are disabled* and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability[.]" *Id.* § 416.935(a) (emphasis added). The regulation further provides, "The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor . . . is *whether we would still find you disabled* if you

---

[5] The ALJ considered the psychologists' opinions and found them not *fully* persuasive as they "did not have the benefit of the current medical evidence of record and ability to consider the longitudinal medical evidence in light of [Plaintiff's] testimony." (Tr. 26). In light of this, the ALJ accounted for the unreviewed evidence by finding "additional limitations" presented by Plaintiff and accommodated for those limitations in the RFC, affording her "the reasonable benefit of the doubt." (*Id.*).

stopped using drugs or alcohol." *Id.* § 416.935(b)(1) (emphasis added). Thus, a finding that Plaintiff is disabled is a prerequisite to the analysis she claims the ALJ failed to conduct. No analysis was necessary based on the ALJ's finding Plaintiff was *not* disabled.

Lastly, Plaintiff argues the ALJ erred by failing to consider the function reports provided by her and her husband as "nonmedical sources" pursuant to 20 C.F.R. § 404.1502(e)(1) and (4). While 20 C.F.R. § 404.1520c(d) provides that the ALJ is "not required to articulate how [he] considered evidence from nonmedical sources" *using* the factors outlined in paragraphs (a) through (c) of that section, an ALJ still must *consider* the evidence provided by nonmedical sources. *See, e.g.*, 20 C.F.R. §§ 404.1529(c), 404.1545(a)(3); Social Security Ruling 16-3p. This understanding is consistent with the regulatory framework. Section 1545(a)(3), for example, provides in relevant part, "We will also consider [in assessing your RFC] descriptions and observations of your limitations from your impairment(s), including limitations that result from your symptoms, such as pain, provided by *you, your family*, neighbors, friends, or other persons." 20 C.F.R. § 404.1545(a)(3) (emphasis added). Section 1529(c) provides, "In evaluating the intensity and persistence of your symptoms, we consider all of the available evidence from your medical sources *and nonmedical sources* about how your symptoms affect you . . . [to] determine the extent to which your symptoms limit your capacity for work[.]" 20 C.F.R. § 404.1529(c) (emphasis added).

District courts in this Circuit appear to agree that Section 1520c(d) does not absolve the ALJ of his duty to articulate, at least minimally, how he considered nonmedical

evidence in his disability determination. *See, e.g., Katie L.K. v. Comm'r of Soc. Sec.*, No. 1:21-cv-1280, 2023 U.S. Dist. LEXIS 19350, at *11 (C.D. Ill. Feb. 3, 2023) ("ALJ's utter silence precludes the Court from finding that the ALJ fulfilled his obligation to at least consider [the] third-party statements."); *Anne H. v. Kijakazi*, No. 1:22-cv-1328, 2023 U.S. Dist. LEXIS 226572, at *46 (C.D. Ill. Dec. 20, 2023) ("When a nonmedical opinion is introduced, an ALJ is only required to consider the statements, *which is sufficient even if only in passing.*" (emphasis added)); *Andrew L. v. Kijakazi*, No. 20 CV 1609, 2021 U.S. Dist. LEXIS 224817, at *8–9 (N.D. Ill. Nov. 22, 2021) (Section 1520c(d) "does not eliminate the articulation requirement altogether"); *Norman P. v. Kijakazi*, No. 1:21-cv-2542, 2022 U.S. Dist. LEXIS 157063, at *10 (S.D. Ind. Aug. 31, 2022) (Section 1520c(d) "does not state that an ALJ need not articulate how evidence from nonmedical sources was considered *at all*").

An ALJ "must articulate, at some minimum level, his analysis of the evidence" and his "failure to consider an entire line of evidence falls below the minimal level of articulation required." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *see also Scivally v. Sullivan*, 966 F.2d 1070, 1076 (7th Cir. 1992) (ALJ must "minimally articulate [his] reasons for crediting or rejecting evidence of disability"). The ALJ adequately explained his consideration of Plaintiff's own function report in making his determination. Specifically, the ALJ discussed portions of Plaintiff's statements that were inconsistent with objective evidence, such as her ability to handle self-care, personal hygiene, and care for her pets, as well as her positive interactions with medical and nonmedical staff members and her responsiveness to instructions. (Tr. 20–21). Plaintiff, for example, "was able to provide

information about her health, describe her work history, follow instructions from healthcare providers, comply with treatment outside of a doctor's office or hospital, respond to questions from medical providers, and there is [no] mention of any issues with the claimant's short- or long-term memory." (Tr. 20). The ALJ concluded that "claimant's statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (Tr. 22).

The ALJ, however, made no mention of the husband's third-party function report anywhere in his decision. The husband's report stated in part that Plaintiff "is scared of going out of the house unless I am with her" and "it is hard for her to concentrate on any [one] task[] for very long." (Tr. 289, 291). Although the ALJ failed to discuss the report, the Court finds any resulting error is not reversible. The statements provided by both Plaintiff and her husband in their respective reports were substantially similar and essentially corroborated Plaintiff's account of her daily activities and symptoms. The report, therefore, was not a new line of evidence that the ALJ was required to evaluate in writing. *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (per curiam) ("The ALJ explicitly addressed Carlson's testimony concerning his pain and daily activities. [His wife]'s testimony was essentially redundant" as it "essentially corroborated Carlson's account of his pain and daily activities. . . . The ALJ did not err by failing to discuss [Carlson's wife]'s testimony explicitly.").

The Court "will not remand a case to the ALJ for further specification where [it is] convinced that the ALJ will reach the same result. . . . That would be a waste of time and resources for both the Commissioner and the claimant." *McKinzey v. Astrue*, 641 F.3d 884, 892 (7th Cir. 2011) (citation omitted). The Court looks to "the evidence in the record to see if [it] can predict with great confidence what the result on remand will be." *Id.* Thus, even assuming there was legal error here, the Court finds it harmless as "no reasonable ALJ would reach a contrary decision on remand" after considering the third-party function report. *Id.* The ALJ determined Plaintiff's statements concerning her symptoms were inconsistent with the objective evidence. Thus, the husband's report essentially affirming the same symptoms would be inconsistent too. "It would serve no purpose to remand this case to the ALJ for a statement of the obvious," *id.*, and the record "overwhelmingly support[s]" the ALJ's decision. *Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010). Therefore, the Court finds no reversible error.

## II. CONCLUSION

In summary, after consideration of Plaintiff's arguments, the Court concludes the ALJ properly applied the law and supported his decision with substantial evidence. For these reasons, the decision denying benefits to Plaintiff Maggie M. Walden is AFFIRMED. The Clerk is directed to substitute Defendant Leland Dudek for Commissioner Frank Bisignano. The Clerk is also directed to enter judgment in favor of Defendant Commissioner Frank Bisignano and against Plaintiff Maggie M. Walden. Case is closed.

ENTER: February 20, 2026

                                                            COLLEEN R. LAWLESS
                                                            UNITED STATES DISTRICT JUDGE